67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brent Barett JENKINS, Defendant-Appellant.
 No. 94-5217.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 22, 1995.
Decided: October 3, 1995.
 
 Grant Smithson, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brent B. Jenkins was convicted by a jury of aiding and abetting an assault on a Deputy United States Marshal while the deputy marshal was engaged in the performance of his official duties, 18 U.S.C.A. Sec. 111(b) (West Supp.1995), 18 U.S.C. Sec. 2 (1988). He was sentenced as a career offender to a term of 100 months. Jenkins appeals his conviction, arguing that there was insufficient evidence for the jury to find that the officer was engaged in the performance of his official duties. He appeals his sentence on the grounds that the district court erred in finding that he was a career offender, USSG Sec. 4B1.1,[1] and in refusing to depart for substantial assistance. USSG Sec. 5K1.1, p.s. We affirm Jenkins' conviction and sentence.
 
 
 2
 Jenkins' offense originated with his theft of a cellular phone from a customer in a Burger King. The owner of the phone was sitting at a table reading a newspaper, with the phone on the table in front of him. Jenkins took the phone as he walked by, ran out the door, and got into a borrowed Ford Escort which he had parked near the door. The victim ran out after Jenkins, as did Deputy U.S. Marshal David Jones, who had been seated at a table next to the victim. Jones was on duty at the time.
 
 
 3
 Jones gave chase in his unmarked vehicle, a green Ford Explorer equipped with a siren and flashing headlights ("wig-wag" lights). During a high-speed pursuit on the interstate highway, Jenkins' passenger, Antonio McDaniel, fired several shots at Jones. Jenkins exited the highway and turned into a residential neighborhood where Jones lost sight of him. Jenkins was captured after a search of the neighborhood. Later that day, Jenkins identified McDaniel as his passenger and contacted McDaniel, who was by then at a local amusement park. McDaniel was arrested at the park. McDaniel cooperated, pled guilty, and testified against Jenkins. During Jenkins' trial, defense counsel argued unsuccessfully for a judgment of acquittal on the ground that Deputy Marshal Jones was not engaged in the performance of his official duties when he pursued Jenkins because, as a deputy marshal, he was authorized to make arrests only for federal felonies. Jenkins renews this argument on appeal.
 
 
 4
 Section 111 prohibits assaults on certain federal officers specified in 18 U.S.C.A. Sec. 1114 (West Supp.1995), including deputy marshals, while the officer is "engaged in or on account of the performance of official duties." Whether the officer was engaged in the performance of official duties is a factual question for the jury. United States v. Hoffer, 869 F.2d 123, 126 (2d Cir.), cert. denied, 490 U.S. 1094 (1989). A jury verdict must be sustained if, taken in the light most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 5
 The powers of United States deputy marshals include the power to make arrests without warrant for federal felonies. 28 U.S.C. Sec. 566(d) (1988). While executing federal laws within a state, a marshal may exercise the same powers which a state sheriff may exercise in the execution of state laws. 28 U.S.C. Sec. 564 (1988).
 
 
 6
 The test for whether a federal officer was engaged in the performance of official duties is whether the federal officer was "acting within the scope of what the agent is employed to do ... or was engaging in a personal frolic" of his own. Hoffer, 869 F.2d at 126 (quoting United States v. Heliczer, 373 F.2d 241, 245 (2d Cir.), cert. denied, 388 U.S. 917 (1967)). Courts have consistently found that federal agents were acting in the performance of official duties when they have intervened as law enforcement officers in situations which involved criminal behavior which is not a federal felony. See United States v. Kelley, 850 F.2d 212, 214-15 (5th Cir.), cert. denied, 488 U.S. 911 (1988) (Secret Service agent assaulted while taking temporary charge at accident scene); United States v. Lopez, 710 F.2d 1071, 1073-75 (5th Cir.1983) (Customs officer assaulted while detaining state fugitive); United States v. Reid, 517 F.2d 953, 958-64 (2d Cir.1975) (DEA agent shot attempting to stop robbery).
 
 
 7
 In light of these decisions, the jury could reasonably find that Deputy Marshal Jones was acting in the performance of his official duties when he pursued a thief who had committed a theft in his presence. The value of the stolen item and whether the crime was a felony under federal or state law[2] are not the deciding factors. Therefore, the district court did not err in denying Jenkins' motion for acquittal.
 
 
 8
 After Jenkins' conviction, he contested the probation officer's recommendation that he be sentenced as a career offender. Under guideline section 4B1.1, a defendant is a career offender if (1) he is over eighteen at the time of the offense, (2) the offense is a drug offense or a crime of violence, and (3) he has two prior felony convictions for a drug offense or a crime of violence. Jenkins pointed out that the 1992 North Carolina conviction described in the presentence report as "breaking and entering" was actually a conviction for "breaking or entering" under N.C. Gen.Stat. Sec. 14-54 (1994). The elements of this offense are breaking or entry into a building with intent to commit a felony. This Court has held that entry without breaking under the North Carolina statute is generic burglary as defined in Taylor v. United States, 495 U.S. 575, 599 (1990). See United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3584 (U.S.1993). Burglary of a dwelling is a crime of violence for career offender purposes. USSG Sec. 4B1.2, comment. (n.2).[3] The building involved in Jenkins' 1992 offense was an occupied residence. However, Jenkins argued in the district court that the fact of the conviction did not establish whether he actually entered the house, or merely broke into it without entering.
 
 
 9
 In deciding whether a prior offense is a crime of violence under section 4B1.2, the district court looks to the offense charged, not to the underlying facts. United States v. Wilson, 951 F.2d 586, 588 (4th Cir.1991), cert. denied, 504 U.S. 951 (1992). Nevertheless, a sentencing court may consider the facts of the offense when it could have been committed by either violent or non-violent means. United States v. Cook, 26 F.3d 507, 509 (4th Cir.), cert. denied, 63 U.S.L.W. 3312 (U.S.1994). Had Jenkins testified or presented other evidence to establish that he did not enter the dwelling, his argument would carry more weight. However, because Jenkins did not present any evidence to show that the offense was not in fact a burglary, the district court did not err in finding that the 1992 conviction was for a crime of violence.
 
 
 10
 Although the government did not make a section 5K1.1 motion, Jenkins requested a downward departure for substantial assistance based on his help in the apprehension of McDaniel. He argued that fairness required a departure in his case because McDaniel had received a substantial assistance departure in return for his testimony against Jenkins. Further, Jenkins alleged that the government's decision not to move for a departure was based on an unconstitutional motive: retaliation for Jenkins' exercise of his right to a jury trial. The district court found that it had no reason to believe that the government's decision not to move for a departure was based on an unconstitutional motive.
 
 
 11
 A district court's refusal to depart is not reviewable, United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990), unless the district court's decision is grounded in a misperception of its authority to depart. United States v. Hall, 977 F.2d 861, 863 (4th Cir.1992). A district court may consider a departure for substantial assistance without a government motion only if the defendant first makes a substantial threshold showing that the government's refusal to make the motion results from breach of the plea agreement or from an unconstitutional motive. Wade v. United States, 504 U.S. 181, 186 (1992). However, generalized allegations of improper motive are insufficient. Id. A defendant must offer a sufficient quantum of concrete evidence of the impermissible government motive to gain a hearing on his claim. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (1994). Where, as here, the defendant makes an allegation of prosecutorial vindictiveness, there must be a "realistic likelihood of 'vindictiveness.' " Blackledge v. Perry, 417 U.S. 21, 27 (1974).
 
 
 12
 Jenkins has not satisfied the burden imposed on him by Wade that he make a substantial threshold showing of impermissible motive. In the district court, defense counsel made only a vague suggestion that the motion was not made by the government because Jenkins decided to go to trial. His appellate brief asserts that the government declined to make the motion for that reason, but offers nothing more than speculation concerning impermissible motive. Because Jenkins failed to make the requisite showing in the district court, he was not entitled to a hearing on his claim and the district court had no authority to depart on the basis of substantial assistance.
 
 
 13
 Accordingly, we affirm Jenkins' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Under N.C. Gen.Stat. Sec. 14-72 (1994), larceny of an item worth more than $1000 is a felony; larceny from a person is a felony regardless of the value of the item. Jenkins' attorney argued that Jenkins' theft was not larceny from a person, and Jenkins testified that the owner of the phone was not in sight when he took it. However, the agent testified that the owner was present, and also ran out of the restaurant after Jenkins
 
 
 [3]
 Jenkins was initially charged with burglary, and pled to the lesser offense of breaking or entering