**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 99-4872

FREELIN CARL SIMPKINS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-99-22)

Submitted: June 20, 2000

Decided: July 10, 2000

Before MURNAGHAN and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kevin L. Neiswonger, LAW OFFICES OF NEISWONGER &
WHITE, Moundsville, West Virginia, for Appellant. Melvin W.
Kahle, Jr., United States Attorney, Robert H. McWilliams, Jr., Assis-
tant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Freelin Carl Simpkins pled guilty to one count of distributing lysergic acid diethylamide (LSD) in violation of 21 U.S.C.A. § 841(a) (West 1999), and was sentenced as a career offender to a term of 262 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (1998). Simpkins appeals his sentence, contending that the district court erred in finding that his prior conviction for escape was a crime of violence. We affirm.

A defendant is a career offender if (1) he was at least eighteen years old when he committed the instant offense, (2) the instant offense is either a crime of violence or a drug offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a drug offense. A "crime of violence" is defined in USSG § 4B1.2(a) as a felony that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The commentary identified a number of offenses as crimes of violence and adds that other offenses are crimes of violence if:

> (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another.

2

USSG § 4B1.2, comment. (n.1).

Simpkins' criminal record included a 1993 conviction for possession of LSD with intent to distribute and a 1995 federal conviction for escape. At sentencing, he asserted that the offense was not violent because he had walked away from a non-secure work release center. However, relying on United States v. Dickerson , 77 F.3d 774 (4th Cir. 1996), the district court determined that escape is by its nature a crime of violence, and that, as a result, Simpkins was a career offender. On appeal, Simpkins argues that the district court misconstrued Dickerson, and that, when the facts underlying the prior offense are known, the sentencing court can and should consider them. Simpkins does not allege that these facts were contained in the charging document, but simply points out that the probation officer learned the circumstances of the escape when investigating his criminal history.

We review de novo the district court's legal decision that Simpkins' escape was a crime of violence. See United States v. Martin, ___ F.3d ___, 2000 WL 742182, at *2 (4th Cir. June 9, 2000). Cases construing the term "violent felony," defined in 18 U.S.C.A. § 924(e) (West 2000), and "crime of violence," defined in 18 U.S.C. § 16 (1994), are relevant. See Martin, 2000 WL 742182, at *5 n.4.

Simpkins argues that Dickerson held that the sentencing court should inquire into the facts underlying the escape conviction, if possible, to determine whether it was a crime of violence. In his view, this Court only considered escape "in the abstract" in Dickerson because the facts underlying the defendant's escape were not known in that case. He contends that, because the circumstances of his escape were described in the presentence report, the district court should have considered those facts and determined that his escape was not a crime of violence.

To determine whether an offense is a crime of violence, the sentencing court should ask whether the offense is listed in § 4B1.2(a)(2) or its commentary as a crime of violence. See United States v. Martin, ___ F.3d ___, 2000 WL 742182, at *2 (4th Cir. 2000). Escape is not so listed. The next step is for the court to determine whether the offense has as an element the use, attempted use, or threatened use of physical force. Id. Escape in violation of 18 U.S.C. § 751(a) (1994)

3

does not have as an element the use, attempted use or threatened use of force against another. See United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996).

If the prior offense is one of a limited class of offenses where the definition is ambiguous and proscribes both violent and non-violent conduct (such as Maryland common law assault and battery), then the court should look to the charging papers and jury instructions to decide whether the offense is a crime of violence. See Martin, 2000 WL 742182 at *5 n.2 (citing United States v. Coleman, 158 F.3d 199, 202 (4th Cir. 1998) (en banc); United States v. Kirksey, 138 F.3d 120, 124 (4th Cir. 1998); United States v. Cook, 26 F.3d 507, 509 (4th Cir. 1994)). In Simpkins' case, no such ambiguity exists with respect to the escape conviction.

If the above inquiry does not establish that the offense is a crime of violence, the sentencing court must determine whether it "otherwise involves conduct that presents a serious potential risk of physical injury to another" under § 4B1.2(a)(2). Id. at *2-3. In making this determination, the court must (1) consider only the facts charged in the indictment and, (2) "if that effort is unavailing . . . consider whether the offense of conviction is a crime of violence in the abstract." Id. at *3 (following Dickerson). In Simpkins' case, this inquiry may be resolved quickly because we have held that escape from custody is a violent felony. Id. at *4. See also Dickerson, 77 F.3d at 777 (attempted escape from custody is crime of violence); United States v. Hairston, 71 F.3d 115, 118 (4th Cir. 1995) (attempting to rescue prisoner or assist escape is crime of violence). In light of these precedents, it is clear that the district court correctly determined that Simpkins' escape was a crime of violence. **1**

We therefore affirm the sentence. We dispense with oral argument
_____
**1** Other circuits have cited Dickerson in holding that any escape or attempted escape is, by its nature, always a crime of violence, even when the escape was committed in a non-violent way. See United States v. Ruiz, 180 F.3d 675, 676-77 & n.7 (5th Cir. 1999) (escape committed by walking away from federal prison camp where no physical barriers prevented escape and guards were unarmed); United States v. Harris, 165 F.3d 1062, 1068 (6th Cir. 1999) (escape from county workhouse).

4

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED