**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Dwayne Eugene COOK, a/k/a Craig S. Cook, Defendant–Appellee.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dwayne Eugene COOK, a/k/a Craig S. Cook, Defendant–Appellant.**

Nos. 92–5416, 92–5417.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 30, 1993.

Decided June 17, 1994.

**ARGUED:** Ethan L. Bauman, Asst. U.S. Atty., Baltimore, MD, for appellant. Beth

508

Mina Farber, Asst. Federal Public Defender, Baltimore, MD, for appellee. **ON BRIEF:** Richard D. Bennett, U.S. Atty., Baltimore, MD, for appellant. Anthony R. Gallagher, Acting Federal Public Defender, Baltimore, MD, for appellee.

Before RUSSELL, WILKINS, and LUTTIG, Circuit Judges.

Vacated and remanded by published opinion. Judge RUSSELL wrote the opinion, in which Judge WILKINS and Judge LUTTIG joined.

## OPINION

DONALD RUSSELL, Circuit Judge:

The United States appeals the district court's finding that defendant Dwayne Cook's obstruction of justice conviction does not qualify as a predicate offense under the sentencing enhancement provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Because we find that obstruction of justice does constitute a "violent felony" under the ACCA, we vacate the district court's judgment and remand the case for resentencing pursuant to the ACCA and the pertinent provisions of the United States Sentencing Guidelines.

### I.

After a jury trial in the Maryland district court, Cook was found guilty of several offenses, including possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Upon the jury's return of a guilty verdict, counsel for both the defense and the United States filed memoranda regarding the applicability of the sentencing enhancement provisions of the ACCA to Cook. The ACCA mandates a minimum term of fifteen years incarceration for anyone convicted under 18 U.S.C. § 922(g) who has three prior convictions for "violent felon[ies]" or "serious drug offense[s]" as defined by section 924(e) of the ACCA.

At the time of his conviction, Cook had three prior convictions: assault, robbery, and obstruction of justice. Cook conceded that his assault and robbery convictions properly could be counted as two of the three convictions required for enhancement. Cook contended, however, that his obstruction of justice conviction should not qualify him for enhancement because obstruction of justice is not a "violent felony" as defined by section 924(e) of the ACCA. The United States, on the other hand, argued that Cook's obstruction of justice conviction did constitute a "violent felony" because Cook used violent means to commit the offense.[1]

The district court agreed with Cook, finding that his obstruction of justice conviction did not constitute a "violent felony" for the purposes of sentence enhancement under the ACCA. The court based its reasoning on the language of Maryland's obstruction of justice statute which criminalizes obstruction of justice by both violent and nonviolent means.[2] Md.Ann.Code art. 27, § 27 (1957). Because the offense as defined by Maryland law could hypothetically have been accomplished by nonviolent means, the court found that it did not constitute a "violent felony" under section 924(e) of the ACCA. The United States appeals this decision.

### II.

■ The ACCA mandates a minimum sentence of 15 years for violations of 18 U.S.C. § 922(g) by persons with three or more convictions for "violent felon[ies]" or "serious drug offense[s]." The ACCA defines the term "violent felony" to mean:

(B) ... any crime punishable by imprisonment for a term exceeding one year, ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise

---

1. The indictment that charged Cook with obstruction of justice indicates that Cook used a handgun to threaten a state witness into remaining silent about Cook's possible involvement in a robbery.

2. Maryland's obstruction of justice statute prohibits the obstruction of justice by "corrupt means or by threats or force." Md. Ann.Code art. 27, § 27 (1957).

involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C. § 924(e)(2)(B)(i) and (ii).

In *Taylor v. United States*, 495 U.S. 575, 579, 110 S.Ct. 2143, 2148, 109 L.Ed.2d 607 (1990), the Supreme Court addressed the issue of whether a defendant's conviction under a state burglary statute constituted a predicate "violent felony" conviction for "burglary" under section 924(e)(2)(B)(ii). The state statutes defined the crime of burglary more broadly than the crime is defined in section 924(e)(2)(B)(ii), so defendant's conduct in violating the state statute may or may not have constituted burglary under section 924(e)(2)(B)(ii). *Id.* at 578 n. 1, 602, 110 S.Ct. at 2147–2148 n. 1, 2160.

The Court recognized that section 924(e)(2)(B)(ii) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602, 110 S.Ct. at 2160. It held, however, that in a "narrow range of cases" where a jury may have been "actually required to find all the elements of [section 924(e)(2)(B)(ii) ] burglary," *id.*, a sentencing court may "go beyond the mere fact of conviction" to determine whether a jury, in convicting a defendant, did actually find all the elements of section 924(e)(2)(B)(ii) burglary. *Id.* The Court authorized the sentencing court to examine "the indictment or information and jury instructions" in making this determination. *Id.* We find that *Taylor* controls the case at bar.

■ Here, Cook was convicted for obstruction of justice as defined by Md. Ann. Code art. 27, § 27 (1957) which prohibits obstruction of justice by "threats or force" as well as by "corrupt means." Because this statute defines obstruction of justice so that one may commit it by both violent and nonviolent means, it is unclear whether Cook's prior conviction included force as a necessary element and thus constitutes a "violent felony" under section 924(e)(2)(B)(i). As a result, *Taylor* requires that the sentencing court examine the charging papers and the jury instructions to determine whether the crime for which the jury convicted Cook was obstruction of justice by violent means.[3]

Count one of the indictment clearly shows that Cook was charged with using a handgun to threaten a state witness into remaining silent about Cook's possible involvement in a robbery.[4] As a result, it is quite plain that Cook was charged with and convicted of obstruction of justice by violent means, a crime that "ha[d] as an element the use, attempted use, or threatened use of physical force against the person of another," and thus constitutes a "violent felony" as defined in section 924(e)(2)(B)(i) of the ACCA.[5]

3. Other courts of appeals have reached varying conclusions as to whether *Taylor* authorizes a sentencing court, in determining whether a jury actually convicted a defendant of a "violent felony" under section 924(e)(2)(B), to examine only the jury instructions and the indictment or to engage in a broader inquiry. *Compare United States v. Preston*, 910 F.2d 81, 85 (3d Cir.1990) (sentencing court may examine only the jury instructions and the indictment), *cert. denied*, 498 U.S. 1103, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991), *with United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir.1992) (sentencing court may examine other documents in addition to the jury instructions and indictment). Because we are able here to determine from the indictment that Cook's prior conviction was for a "violent felony," we need not address this issue, and we take no position with respect to it.

4. Cook contends that the indictment charging him with obstruction of justice does not adequately demonstrate that he obstructed justice in a violent manner. To support his argument,

Cook points to two typographical errors in the indictment. We find these errors to be insignificant ones that in no way bring into question the validity of the indictment's statement that Cook used a handgun to obstruct justice.

5. Cook contends that if we find that his prior conviction for obstruction of justice constitutes a "violent felony" under the ACCA, we should remand his case to the district court to entertain his constitutional collateral attacks to his obstruction of justice conviction. Cook challenges this conviction on the grounds that his guilty plea was involuntary and that he received ineffective assistance of counsel. Following the Supreme Court's holding in *Custis v. United States*, —— U.S. ——, ——, 114 S.Ct. 1732, 1738–39, 128 L.Ed.2d 517 (1994) (denying defendant permission to challenge prior conviction used for sentence enhancement under the ACCA on the grounds of ineffective assistance of counsel and involuntary guilty plea), we find Cook's contention to be without merit.

**510**

We reject Cook's contention that *Taylor*'s instruction to examine the charging papers and jury instructions of a prior conviction to determine whether it constitutes a "violent felony" applies only in cases under section 924(e)(2)(B)(ii) involving prior convictions for burglary. Not only is such a restricted reading of this instruction nowhere suggested in the Court's opinion, but applying the instruction in this narrow manner would create an arbitrary distinction between defendants with prior convictions for burglary and those with other prior convictions. Moreover, the majority of courts of appeals that have addressed this issue have applied *Taylor* broadly to all predicate convictions under sections 924(e)(2)(B)(i) and (ii). *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir.1993) (conspiracy to commit robbery), *cert. denied*, —— U.S. ——, 114 S.Ct. 262, 126 L.Ed.2d 214 (1993); *United States v. Harris*, 964 F.2d 1234, 1235–1237 (1st Cir.1992) (assault and battery); *United States v. Bregnard*, 951 F.2d 457, 459–460 (1st Cir.1991) (assault and battery), *cert. denied*, —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992); *Lowe v. United States*, 923 F.2d 528, 530–531 (7th Cir.1991) (intimidation), *cert. denied*, 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 471 (1991).

### III.

We therefore vacate the judgment of the district court and remand the case for resentencing pursuant to the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the pertinent provisions of the United States Sentencing Guidelines.

*VACATED AND REMANDED.*