**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 95-5504

FREDERICK LEONARD HOOPER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CR-94-37-F)

Submitted: October 15, 1996

Decided: November 15, 1996

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, John S. Bowler, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frederick Leonard Hooper appeals from the sentence imposed upon him following his conviction on pleas of guilty to federal firearms charges. Hooper received an enhanced sentence as an armed career criminal pursuant to 18 U.S.C.A. § 924(e) (West Supp. 1996) and USSG § 4B1.4.[1] He now challenges that enhancement, contending that his prior state convictions should not be counted as predicate "violent felonies" as defined in § 924(e). Finding no merit to this argument, we affirm Hooper's sentence.

A person convicted under 18 U.S.C.A. § 922(g)(1) (West Supp. 1996), for possession of a firearm by a convicted felon, is subject to the enhancement provision of § 924(e) if the person has three previous convictions for a violent felony or a serious drug offense. "Violent felony" is defined as a crime punishable by a prison term of more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B) (1994). The Supreme Court determined that Congress intended "burglary" as used in § 924(e)(2)(B)(ii) in the generic sense as it is used in most states' criminal codes. Taylor v. United States, 495 U.S. 575, 598 (1990). The essential elements of burglary for purposes of § 924(e)(2)(B)(ii) include "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. (footnote omitted).

Under this definition of burglary, Hooper's convictions for break-

_____

[1] United States Sentencing Commission, Guidelines Manual, § 4B1.4 (Nov. 1994).

2

ing or entering under North Carolina law, N.C. Gen. Stat. § 14-54 (1993),**2** which involved breaking into unoccupied residences and an unoccupied motel room during the daytime and stealing various items, would qualify as generic burglaries. See United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (convictions for breaking or entering under N.C. Gen. Stat. § 14-54 qualify as generic burglaries under Taylor, and justify the § 924(e)(2)(B)(ii) enhancement), cert. denied, 507 U.S. 945 (1993).

Hooper contends that because the offense of breaking or entering could have been committed by either violent or nonviolent means, the sentencing court should have considered the facts of his prior convictions to determine whether the enhancement for violent felonies should apply. He argues that because his offenses were committed in the daytime and involved unoccupied buildings, there was no serious risk of physical injury to another.

The Supreme Court, however, held that the enhancement provision of § 924(e)(2)(B)(ii) requires the sentencing court to look only to the statutory definition of the prior offenses and not to the particular facts underlying those convictions. Taylor, 495 U.S. at 602. Only in a "narrow range of cases" may the sentencing court look beyond the fact of conviction and the statutory definition and determine if the indictment and jury instructions "actually required the jury to find all elements of generic burglary." Id; see United States v. Cook, 26 F.3d 507, 509 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3312 (U.S. Oct. 17, 1994) (No. 94-6023).

The statutory language of the North Carolina offense of breaking or entering, N.C. Gen. Stat. § 14-54, includes all of the elements of generic burglary set forth in Taylor, 495 U.S. at 598, and is more narrowly defined than burglary under § 924(e)(2)(B)(ii). Therefore, this case does not fall within that "narrow range of cases" in which the sentencing court should look beyond the fact of conviction or the stat-

_____

**2** Section 14-54. Breaking or entering buildings generally.

> (a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

3

utory language. <u>See Taylor</u>, 495 U.S. at 602; <u>Bowden</u>, 975 F.2d at 1084.

Because we find that the sentencing court correctly applied the categorical approach to determine that Hooper's prior breaking or entering offenses constituted generic burglaries for purposes of the armed career criminal enhancement provisions of § 924(e) and USSG § 4B1.4, we affirm Hooper's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4