**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sidney R. COLEMAN, Defendant–**
**Appellant.**

**No. 96–4786.**

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1998.

Decided Sept. 14, 1998.

**ARGUED:** James Wyda, Assistant Federal Public Defender, Baltimore, MD, for Appellant. Philip S. Jackson, Assistant United States Attorney, Baltimore, MD, for Appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, MD, for Appellant. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

Before WILKINSON, Chief Judge, and WIDENER, MURNAGHAN, ERVIN, WILKINS, NIEMEYER, HAMILTON, LUTTIG, WILLIAMS, MICHAEL, and MOTZ, Circuit Judges, sitting en banc.

Affirmed by published opinion. Judge WILKINS wrote the majority opinion, in which Chief Judge WILKINSON and Judges ERVIN, NIEMEYER, HAMILTON, LUTTIG, WILLIAMS, MICHAEL, and MOTZ joined. Judge WIDENER wrote a dissenting opinion, in which Judge MURNAGHAN joined.

## OPINION

WILKINS, Circuit Judge:

Sidney R. Coleman appeals the 15–year mandatory minimum sentence of imprisonment imposed by the district court under the Armed Career Criminal Act (ACCA) of 1984. *See* 18 U.S.C.A. § 924(e) (West Supp.1998). Coleman maintains that the district court erred in concluding that his prior conviction for common-law assault under Maryland law constituted a "violent felony" within the meaning of § 924(e). Finding no error, we affirm.[1]

---

1. A panel of this court earlier heard argument in this appeal. However, prior to decision, a ma- jority of the judges in active service voted to consider this appeal en banc.

## I.

Coleman pled guilty in 1996 to being a felon in possession of a firearm. *See* 18 U.S.C.A. § 922(g)(1) (West Supp.1998). The Government filed a notice of intention to seek a sentencing enhancement pursuant to the ACCA, asserting that the requisite three prior convictions were a 1983 Maryland conviction for robbery with a deadly weapon, a 1988 Maryland conviction for assault, and a 1990 Maryland conviction for attempted murder. Coleman conceded that the 1983 and 1990 convictions qualified as predicate felonies under § 924(e), but maintained that the 1988 Maryland conviction for assault did not. The district court concluded that although the Maryland crime of common-law assault did not constitute a crime of violence per se, it was clear from looking to the charging documents that Coleman's offense was a "violent felony" within the meaning of the ACCA. Accordingly, the district court found that Coleman qualified as an armed career criminal and sentenced him to a mandatory 15 years imprisonment.

## II.

The ACCA mandates a 15-year minimum sentence of imprisonment for individuals convicted pursuant to 18 U.S.C.A. § 922(g) who have "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). A "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is a burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).

## A.

Coleman first contends that a Maryland common-law assault conviction does not qualify as a "violent felony" because it does not have as one of its elements "the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). Under Maryland law, a common-law assault consists of "(1) an attempt to commit a battery or (2) an unlawful intentional act which places another in reasonable apprehension of receiving an immediate battery." *Lamb v. State*, 93 Md.App. 422, 613 A.2d 402, 411 (Md.Ct.Spec.App.1992) (internal quotation marks omitted). A "battery," in turn, "is any unlawful application of force, direct or indirect, to the body of the victim." *Id.* at 413. Coleman argues that a Maryland common-law assault does not necessarily have as an element of the offense the use, attempted use, or threatened use of physical force against the body of another because the offense encompasses conduct—such as "exposing a helpless person to the inclemency of the weather" or telling a blind person that the way is clear when in fact there is a precipice just ahead—that involves an indirect use of force against the body of another. *Id.* at 414–15 (internal quotation marks omitted). Coleman maintains that because a Maryland common-law assault does not necessarily require the use, attempted use, or threatened use of physical force against the person of another, it does not satisfy the requirement of § 924(e)(2)(B)(i). In making this argument, however, Coleman confuses two related yet distinct situations.

▪ On the one hand, it is well settled that in determining whether a conviction constitutes a "violent felony" under § 924(e)(2)(B), a court generally must "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *see United States v. Cook*, 26 F.3d 507, 509 (4th Cir. 1994). As a result, an offense that actually may have been committed by the use of physical force against the person of another nevertheless is not considered to be a violent felony if the elements of the offense do not include the use, attempted use, or threatened use of physical force. *See Taylor*, 495 U.S. at 600–02, 110 S.Ct. 2143; *Cook*, 26 F.3d at 509. Alternatively, an offense that includes the use, attempted use, or threatened use of

physical force as an element of the crime is a violent felony even if the underlying offense actually was committed in a relatively non-violent way. In such situations, the actual conduct underlying the conviction is irrelevant to the determination of whether the conviction is a violent felony because the critical question is whether the jury was required to find the use, attempted use, or threatened use of physical force as an element of the offense.

 On the other hand, it is equally well recognized that in a certain limited number of situations it is appropriate for a court to look beyond the fact of conviction and the elements of the offense in deciding whether an offense constitutes a violent felony. *See Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. In those narrow circumstances in which an offense could have been committed in two ways, one of which required a finding that physical force was used and the other of which did not, a district court must look past the fact of conviction and the elements of the offense to determine which type of offense supported the defendant's conviction. *See Cook*, 26 F.3d at 509.

 A Maryland conviction for common-law assault presents the unusual situation in which an offense may be committed in one of two ways—one of which requires the use, attempted use, or threatened use of physical force and one of which does not. *See United States v. Kirksey*, 138 F.3d 120, 125 (4th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 122, —— L.Ed.2d —— (1998) (No. 97–9400); *Lamb*, 613 A.2d at 414–15 (explaining that a common-law assault may encompass some conduct that involves an indirect use of force against the body of another). Accordingly, we are unable to conclude that a Maryland conviction for common-law assault is per se a violent felony within the meaning of § 924(e)(2)(B)(i). *Cf. Kirksey*, 138 F.3d at 125 (noting that it is unclear whether Maryland common-law assault is a crime of vio-

lence per se). Nevertheless, because one of the ways in which a Maryland common-law assault can be committed involves the use, attempted use, or threatened use of physical force against another, the district court properly looked beyond the fact of conviction and the elements of the offense to determine whether the particular offense of which Coleman was convicted was a violent felony.[2] *See id.* at 125–26.

### B.

Coleman also contends that even if the district court was authorized to look beyond the fact of conviction and the elements of the offense in this situation, the material on which the district court based its decision that Coleman's offense was a violent felony did not provide an appropriate basis for that conclusion. We have recognized previously that in determining whether a conviction is a "violent felony" the court properly may look to the charging papers and the jury instructions. *See Cook*, 26 F.3d at 509 & n. 3 (citing *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143).

And, the material relied upon by the district court undoubtedly was proper because, as we recently have held, it was a part of the charging papers under Maryland law. *See Kirksey*, 138 F.3d at 126.

 The district court looked to the charging papers and discovered that Coleman was formally charged with assaulting a police officer. *See* J.A. 22 (asserting that Coleman "did make an assault on P/O Reedy"). However, the court concluded that this statement of the formal charge was not dispositive because it did not illuminate whether Coleman had committed an assault in a manner in which the use, attempted use, or threatened use of physical force was an element of the offense. The court then turned to the portion of the charging papers containing the statement of charges. *See* Md. R.Crim. C. 4–201(b) (explaining that an

---

2. The district court also found that a Maryland common-law assault would not constitute a per se "violent felony" as a conviction "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," reasoning that not all of the conduct that would form a common-law assault in Maryland necessarily

posed such a risk. 18 U.S.C.A. § 924(e)(2)(B)(ii). Because we conclude that Coleman's conviction for common-law assault was a "violent felony" under § 924(e)(2)(B)(i), we do not address whether that conviction would qualify as a "violent felony" under § 924(e)(2)(B)(ii).

appropriate charging document in district court includes "a statement of charges filed pursuant to section (b) of Rule 4–211"); *id.* 4–211(b) (requiring a complaining witness or arresting officer to provide "an affidavit containing facts showing probable cause that the defendant committed the offense charged"); *see also Kirksey,* 138 F.3d at 126 (holding that under Maryland law the affidavit required by Rule 4–211(b) setting forth facts demonstrating probable cause is a part of the charging papers). The district court determined that the affidavit setting forth probable cause revealed that Coleman had pointed a handgun in the direction of the officer.[3] Thus, by reference to the charging papers, the district court correctly determined that Coleman's offense involved the use, attempted use, or threatened use of physical force against the victim.[4]

### III.

■ Coleman next asserts that his Maryland conviction does not qualify as a "violent felony" because it does not constitute a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C.A. § 924(e)(2)(B). A "crime punishable by imprisonment for a term exceeding one year" is defined in pertinent part so as to exclude "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C.A. § 921(a)(20)(B) (West Supp.1998). While a Maryland conviction for common-law assault is classified as a misdemeanor, the offense carries no maximum punishment; the only limits on punishment are the Cruel and Unusual Punishment Clauses of the Maryland and United States Constitutions. *See United States v. Hassan El,* 5 F.3d 726, 733 (4th Cir.1993). As such, a Maryland common-law assault "clearly is punishable by more than two years imprisonment" and is not excluded from the definition of a "crime punishable by imprisonment for a term exceeding one year" by the misdemeanor exclusion. *Id.*

■ Relying on our prior decision in *United States v. Schultheis,* 486 F.2d 1331 (4th Cir.1973), Coleman argues that because he actually received a sentence of 18 months imprisonment, all except six months of which was suspended, his conviction should fit within the misdemeanor exclusion. In *Schultheis,* a panel of this court held that when a common-law crime provides no statutory maximum penalty, "the seriousness of the crime as evidenced by the actual sentence imposed should control whether or not a conviction for such a crime should be classed as a 'felony.'" *Id.* at 1335. However, the Government, in turn, points to our decision in *Hassan El,* in which another panel indicated that the common-law offense of assault in Maryland is a violent felony because it "clearly is punishable by more than two years imprisonment." *Hassan El,* 5 F.3d at 733. We granted en banc consideration of this appeal to address the unusual situation presented by the apparent conflict between these two decisions.[5] We believe that the statutory language of § 921(a)(20)(B) unambiguously indicates that the critical inquiry in determining whether a state offense fits within the misdemeanor exception is whether the offense is "punishable" by a term of

---

**3.** By recognizing the appropriateness of the district court employing the affidavit that is a part of the charging papers in Maryland, we do not intend to suggest that it would be correct for a district court to rely upon other types of affidavits in assessing whether the defendant's crime is a violent felony within the meaning of § 924(e)(2)(B).

**4.** Coleman contends that in the absence of a transcript of a plea colloquy or an admission of guilt, we cannot know with any certainty whether the underlying facts constituted a violent felony merely because Coleman pled guilty. We can envision facts under which the charging document might leave open to question whether the

offense to which a defendant pled guilty involved the use of physical force. However, the present charging document does not leave open any such question because under no construction of the facts alleged in the charging document could Coleman have pled guilty on the basis of a permutation of Maryland common-law assault that would not constitute a "violent felony."

**5.** Although the reasoning of the *Schultheis* and *Hassan El* decisions is conflicting, the result reached in *Hassan El* does not conflict with the earlier *Schultheis* decision because the sentence imposed on the defendant in *Hassan El* was actually greater than two years. *See Hassan El,* 5 F.3d at 733.

imprisonment greater than two years—not whether the offense "was punished" by such a term of imprisonment. *See United States v. Indelicato,* 97 F.3d 627, 628 n. 1 (1st Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1013, 136 L.Ed.2d 890 (1997); *see also Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 113, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983); *United States v. Arnold,* 113 F.3d 1146, 1148 (10th Cir.1997); *United States v. Horodner,* 993 F.2d 191, 194 (9th Cir.1993). The plain wording of the statute applies equally when the potential term of imprisonment is established by the common law and limited only by the prohibition on cruel and unusual punishments as when the range of possible terms of imprisonment is determined by a statute. Hence, we reject the view that the actual sentence imposed is determinative of whether an offense was "punishable" by a term of imprisonment of greater than two years.

### IV.

In sum, we hold that although a Maryland conviction for common-law assault is not per se a "violent felony" within the meaning of § 924(e)(2)(B)(i), the district court properly concluded that Coleman's 1988 conviction had as an element the use, attempted use, or threatened use of physical force. In addition, the district court correctly ruled that a Maryland conviction for common-law assault qualifies as a "crime punishable by imprisonment for a term exceeding one year" irrespective of the actual sentence imposed. Therefore, the district court did not err in considering Coleman's 1988 Maryland conviction for assault as a violent felony or in sentencing him as an armed career criminal.

*AFFIRMED.*

WIDENER, Circuit Judge, dissenting:

The defendant was convicted of common law assault in Maryland and sentenced to 18 months' imprisonment. Because his actual sentence was less than two years, in my opinion, the common law assault conviction should not be a violent felony conviction for purposes of 18 U.S.C. § 924(e).

I first observe that *Schultheis* and *Hassan El* are not inconsistent. In *Schultheis,* the government attempted to classify the defendant's common law assault conviction as a felony. 486 F.2d at 1331. Although the sentence for the defendant's common law assault could have been greater than two years, he was actually sentenced to a suspended 90–day sentence and fined $25.00. We held that because the sentence imposed was less than two years, it was not a felony conviction. 486 F.2d at 1335.

Similarly, in *Hassan El,* this court determined that the actual sentence imposed was determinative. 5 F.3d at 732. The defendant in that case had a common law assault conviction in which he had received a three-year sentence, which was suspended, however. The defendant argued that the conviction should not be considered as a felony because the actual time spent in prison was less than two years. Regardless of the amount of time he spent in prison, we held that the conviction was a felony because the sentence imposed was greater than two years. 5 F.3d at 733.

Obscure in the majority opinion is the real issue presently before the court, and that is that change of an authoritative construction of a statute by a court should almost always be accomplished by Congress rather than by a court. In cases of statutory interpretation, *stare decisis* should have special weight. See *Hohn v. United States,* — U.S. ——, ——, 118 S.Ct. 1969, 1977, 141 L.Ed.2d 242 (1998).

In *Schultheis,* we were construing 18 U.S.C.App. § 1202(c)(2) which provided that

"felony" means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less.

The statute we are concerned with here is 18 U.S.C. § 921(a)(20)(B), a recodification of § 1202(c)(2)* which states

---

* The same act of Congress that repealed 18 U.S.C.App. § 1202(c)(2) also adopted the lan-

guage of the same in 18 U.S.C. § 921(a)(20)(B). 100 Stat. 449 (1986).

The term "crime punishable by imprisonment for a term exceeding one year" does not include ... any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

So the operative parts of the two statutes are the same, letter for letter, *in haec verba*.

Construing that same language in *Schultheis,* we held that "the seriousness of the crime as evidenced by the actual sentence imposed should control whether or not a conviction for such a crime should be classed as a 'felony' for the purposes of" the application of § 1202(c)(2). We next held in *Hassan El* that a three-year probationary sentence was, in fact, not imprisonment of two years or less, Hassan El having "in fact, received a sentence of over two years' imprisonment, although his three-year sentence was indeed then suspended." 5 F.3d at 733.

*Schultheis* has been the law in this circuit for nearly 25 years. An examination by Coleman's attorney of Fourth Circuit law in this case, doubtless showed him that the 18–month sentence placed Coleman within the exception of § 921(a)(20)(B), just as Schultheis' 90–day sentence placed him within that same exception. And an examination of *Hassan El* would not have turned out differently. If attorneys and the public cannot depend on a construction of exactly the same statutory language by a Court of Appeals, what can they depend on?

The government here takes the same position that we rejected 25 years ago in *Schultheis.* As we stated there, "[i]t [the government] would blindly lump into the same category the most trivial and the most heinous assaults, thereby defeating the clear Congressional desire to exclude minor transgressions of the law from the sweep of Title 18 U.S.C.App. § 1202(c)(2) [now 18 U.S.C. § 921(a)(20)(B)]." 486 F.2d at 1333.

I would vacate the sentence and require resentencing.

Judge Murnaghan joins in this opinion.