**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4784

DANA C. RICH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-95-480-S)

Submitted: December 15, 1998

Decided: January 12, 1999

Before WILKINS, Circuit Judge, and HALL and
PHILLIPS, Senior Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Dana Rich appeals his sentence following his conviction on one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1998). On appeal, the issue is whether the district court erred in sentencing Rich as an armed career criminal pursuant to 18 U.S.C.A.§ 924(e) (West Supp. 1998), based, in part, on a 1982 Maryland state conviction for common law battery. For the reasons that follow, we vacate and remand for further proceedings.

Prior to his § 922(g)(1) conviction, Rich had been convicted in Maryland state court for several crimes including a 1981 robbery conviction, a 1982 common law battery conviction, and a 1990 felony conviction for drug trafficking. Based on these three Maryland convictions, the district court found that Rich qualified for enhanced sentencing under § 924(e), and sentenced him to 235 months in prison. Without the sentence enhancement, the maximum sentence Rich would have faced under § 922(g) was ten years in prison.

Rich argues that the district court erred in counting his 1982 Maryland common law battery conviction as a predicate"violent felony" for the purpose of sentence enhancement under § 924(e)(1). Section 924(e)(1) establishes a mandatory minimum sentence of fifteen years without parole for anyone convicted of violating 18 U.S.C.A. § 922(g) who has had at least three prior convictions for a "violent felony" or a "serious drug offense." A violent felony is defined as "any crime punishable for a term exceeding one year . . . ." 18 U.S.C.A. § 924(e)(2)(B). However, pursuant to 18 U.S.C.A. § 921(a)(20)(B) (West 1976 & Supp. 1998), the term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense . . . classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

2

At the time of Rich's 1982 battery conviction, battery under Maryland law was a common law misdemeanor and carried no maximum penalty, so long as the sentence did not violate the prohibition against cruel and unusual punishment. See State v. Huebner, 505 A.2d 1331, 1335 (Md. 1986). Rich argues, however, that his 1982 Maryland common law battery conviction does not qualify as a predicate "violent felony" for purposes of § 924(e)(1) enhancement because the state court judge applied a rule under which she could sentence him to no more than ninety days in prison* and, in fact, he received only a suspended sentence of sixty days. This court determines whether a defendant has committed a violent felony for purposes of § 924(e)(1) based on the maximum sentence the defendant could have received rather than based on the sentence he actually served. See United States v. Coleman, 158 F.3d 199, 203-04 (4th Cir. 1998). Regardless of the actual sentence Rich received or application of a court rule limiting the prison term the state judge could impose, the maximum sentence Rich could have received exceeded two years in prison. Therefore, his common law battery conviction did not fall within the misdemeanor exclusion of 18 U.S.C.A. § 921(a)(20)(B).

Rich also argues that his battery conviction does not qualify as a "violent felony" for purposes of § 924(e)(1)(B). This provision defines a "violent felony" as a crime punishable by more than a year in prison and that has as one of its elements "the use, attempted use or threatened use of physical force against the person of another." In determining whether a prior offense qualifies as a prior violent felony conviction for purposes of § 924(e), generally the sentencing court must "look only to the fact of conviction and statutory definition of the prior offense." Taylor v. United States , 495 U.S. 575, 602 (1990). When a prior offense could be committed by violent or non-violent means, however, the court must look to the facts of the case. See United States v. Cook, 26 F.3d 507, 509 (4th Cir. 1994).

_____

*This rule, the "Gerstung Rule," formerly codified at Md. Cts. & Jud. Proc. § 4-302(d)(ii), authorized state judges to bind themselves to limiting a defendant's maximum sentence to 90 days, thereby promoting judicial economy by preventing a defendant from seeking a jury trial. Two years after Rich's battery conviction, the Court of Appeals of Maryland declared the Gerstung Rule unconstitutional. See Kawamura v. State, 473 A.2d 438, 443-44 (Md. 1984).

3

Maryland case law defines the physical component of common law battery as "any unlawful application of force, direct or indirect, to the body of the victim." Lamb v. State, 613 A.2d 402, 413 (Md. App. 1992). Within this definition, force is broadly defined to include such conduct as nonconsensual kissing, ordering a dog to attack, and even exposing a helpless person to inclement weather. See United States v. Kirksey, 138 F.3d 120, 125 (4th Cir.), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3232 (U.S. Oct. 5, 1998).

For the purpose of determining whether a common law battery conviction constitutes a crime of violence for purposes of sentence enhancement under U.S. Sentencing Guidelines§ 4B1.2 (1997), this court held that "it remains unclear whether we can say categorically that the conduct encompassed in the crime of battery constitutes the use of physical force against the person of another to the degree required to constitute a crime of violence." See Kirksey, 138 F.2d at 125. Observing that "[a] Maryland conviction for common-law assault presents the unusual situation in which an offense may be committed in one of two ways--one of which requires the use, attempted use, or threatened use of physical force and one which does not," this court also held that to determine whether a common law assault conviction in Maryland is a violent felony for purposes of § 924(e), "the district court properly looked beyond the fact of conviction and the elements of the offense to determine whether . . . [a prior Maryland common law assault conviction] . . . was a violent felony." Coleman, 158 F.3d at 202.

The record on appeal does not include details of Rich's Maryland common law battery conviction. Moreover, the district court did not look beyond the fact of the conviction when it concluded that Rich's battery conviction constituted a violent felony for purposes of § 924(e). We therefore vacate Rich's sentence and remand for resentencing in light of Kirksey and Coleman . We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4