UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4212

JERMAINE FAISON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-296-CCB)

Submitted: September 6, 2001

Decided: September 27, 2001

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

William B. Purpura, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Stacy Harden Baran, Third-Year Law Student, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jermaine Faison pled guilty to one count of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West 2000) (Count 1), and one count of use of a weapon during a crime of violence in violation of 18 U.S.C.A. § 924(c) (West 1998) (Count 3) on December 6, 2000. Sentencing took place on March 8, 2001. The district court determined that Faison was a career offender as defined by United States Sentencing Guideline § 4B1.1 (1998) ("USSG"), and sentenced Faison to one hundred and eighty-eight months imprisonment for the bank robbery count followed by a mandatory consecutive sentence of eighty-four months imprisonment for the firearm count. Four remaining counts were dismissed on the motion of the government.

Faison challenges his sentence, arguing that he does not warrant career offender status because the district court improperly counted a 1995 second degree assault conviction in Maryland as a predicate offense under USSG § 4B1.1. Faison claims the district court erroneously reviewed a complaining witness' affidavit describing Faison's assault that was incorporated into the state's charging documents to evaluate whether Faison's underlying assault conviction was a crime of violence as defined in USSG § 4B1.2, comment. (n.1). Faison argues that the affidavit lacked sufficient safeguards of reliability because the complaining witness wrote it rather than a police officer. This issue presents a question of law that we review de novo. *See United States v. Dickerson*, 77 F.3d 774, 775 (4th Cir. 1996), *cert. denied*, 519 U.S. 843 (1996).

Normally, the district court must confine its inquiry to the fact of the conviction and the definition of the prior offense in determining whether past felony convictions are crimes of violence. *See United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998), *cert. denied*, 525 U.S. 849 (1998); *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991). However, we have held that for purposes of determining career offender status, the district court may review the charging documents from an assault or battery conviction to determine whether "the facts necessarily decided by the prior conviction" entail a crime of violence. *Kirksey*, 138 F.3d at 124. *See also United States v. Coleman*,

158 F.3d 199, 202 (4th Cir. 1998) (reaching the same conclusion for purposes of determining whether a Maryland common law assault is a "violent felony" pursuant to the Armed Career Criminal Act of 1984, 18 U.S.C.A. § 924(e) (West Supp. 1998)).

Faison argues that the district court erred by failing to evaluate the reliability of the complaining witness' affidavit in the statement of charges. We disagree. A district court must not delve into the reliability of the complaining witness' statement because such inquiry would "permit sentencing courts to retry the facts of prior offenses." *Kirksey*, 138 F.3d at 124. The district court must only use the complaining witness' statement of charges to discover the facts underlying the conviction, not to alter or supplant them. Gauging the reliability of the complaining witness would impermissibly place the district court in the role of the fact-finder.

Accordingly, we affirm the judgment of the district court sentencing Faison as a career offender. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*