# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
> *Plaintiff-Appellee,*

v.

KOREY TELEMUS JEFFERY,
> *Defendant-Appellant.*

No. 02-4143

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-613)

Submitted: June 25, 2002

Decided: July 29, 2002

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Korey Telemus Jeffery pled guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Based on prior convictions, including a 1998 South Carolina conviction for failure to stop for a blue light, the district court sentenced Jeffery as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000). The court also granted the government's motion for downward departure and sentenced Jeffery to 120 months in prison. Without armed career criminal status, Jeffery's sentence would have been substantially lower. Jeffery challenges his sentence, contending that his conviction for failure to stop for a blue light did not constitute a predicate offense for the sentencing enhancement provision of the armed career criminal statute.

Under 18 U.S.C.A. § 922(g)(1), it is unlawful for a convicted felon to possess a firearm. An individual who violates § 922(g) faces a minimum fifteen year sentence if he has three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). To constitute a crime of violence for purposes of armed career criminal offender status, the potential for injury is determinative. The court must focus on the fact of conviction and the statutory definition of the crime, rather than on the underlying facts of a particular conviction. *Taylor v. United States*, 495 U.S. 575, 600-01 (1990); *United States v. Coleman*, 158 F.3d 199, 201-02 (4th Cir. 1998) (en banc). The risk for injury has been found to be sufficiently high to qualify convictions as crimes of violence in the case of escape, *United States v. Hairston*, 71 F.3d 115, 117 (4th Cir. 1995), burglary, *Taylor*, 495 U.S. at 597-98, and pickpocketing, *United States v. Mobley*, 40 F.3d 688, 696 (4th Cir. 1994). We find that the potential for violence that could result from the failure to stop for a blue light and the potential ensuing confrontation between a police officer and the driver is analogous to potential for violence from these other crimes.

Consequently, we affirm Jeffery's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*