# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSEPH WRIGHT,

*Defendant-Appellant.*

No. 02-4454

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-00-414)

Submitted: January 30, 2003

Decided: February 11, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Jonathan P. Luna, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

We previously vacated the 180-month sentence of Joseph Wright imposed pursuant to his guilty plea to being a felon in possession of a firearm. On remand, the district court was to use the methodology of *United States v. Coleman*, 158 F.3d 199 (4th Cir. 1998), and *United States v. Kirksey*, 138 F.3d 120 (4th Cir. 1998), to determine whether Wright qualified as an armed career criminal. A defendant is an armed career criminal subject to a minimum fifteen-year sentence if he has three previous convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e) (2000). It was undisputed that Wright had two qualifying drug convictions; the question was whether any of three other convictions qualified as violent felonies under § 924(e)(2)(B).

At the resentencing hearing, the district court fully complied with *Coleman* and *Kirksey*. In particular, the court had before it charging documents dealing with Wright's 1997 state conviction for second degree assault. Those documents reveal that Wright and others robbed several men. While an accomplice brandished a firearm, Wright laid hands on one of the victims, searching the man's clothing and demanding money. The district court correctly concluded that, on these facts, the assault involved the threatened use of physical force and qualified as a violent felony. Wright clearly was an armed career criminal subject to the statutory fifteen-year minimum sentence.

We therefore affirm the 180-month sentence imposed at resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*