**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4123

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES ARDINGER SPIGLER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:06-cr-00389-RDB)

Submitted:  December 21, 2007      Decided:  January 15, 2008

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan R. L. Bussard, Towson, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Ardinger Spigler pled guilty to being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). He was sentenced to the statutory mandatory minimum sentence as an armed career criminal of one hundred eighty months' imprisonment, under 18 U.S.C. § 924(e)(1) (2000). Spigler appeals his armed career criminal sentence. Finding no error, we affirm.

This court reviews the district court's application of the sentencing enhancements de novo and factual findings with respect to sentencing for clear error. United States v. Bollin, 264 F.3d 391, 415 (4th Cir. 2001). A person who violates § 922(g)(1) and has three prior convictions for violent felonies or serious drug offenses is an armed career criminal subject to enhanced penalties. See 18 U.S.C. § 924(e)(1). Under § 924(e), the definition of a "violent felony" is a crime punishable by imprisonment for a term exceeding one year that is one of several numerated offenses, including burglary, or a crime that otherwise "involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (2000).

Spigler challenges the court's finding that his prior Maryland fourth degree burglary conviction was a violent felony under § 924(e). In Taylor v. United States, 495 U.S. 575, 598-99 (1990), the Supreme Court held that "burglary," for purposes of §

- 2 -

924(e), is limited to "generic" burglary, defined as the "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." When the issue is contested, and the district court must determine whether a prior conviction constitutes a violent felony, the court generally must "look only to the fact of conviction and the statutory definition of the prior offense." Id. at 602; see James v. United States, 127 S. Ct. 1586, 1594 (2007) ("We consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision [of the armed career criminal statute], without inquiring into the specific conduct of this particular offender."); United States v. Mathias, 482 F.3d 743, 746 (4th Cir. 2007) ("Under the categorical approach, we consider the nature of the offense as defined by statute, not the conduct and circumstances underlying a specific conviction."), petition for cert. filed, 76 U.S.L.W. 3046 (U.S. July 12, 2007) (No. 07-61). However, because some states define burglary broadly, the district court in such cases may examine the indictment or information to determine whether the defendant was charged with entry of a building. See Shepard v. United States, 544 U.S. 13, 16-17 (2005).

At the time of sentencing, the court had available to it the statement of probable cause and court's docket, which alleged that Spigler "did unlawfully break and enter the storehouse of [another] with the intent to commit (a theft/a crime of

violence/arson in the second degree) in violation of Art. 27, Sec. 30(a)." However, Spigler pled guilty to a lesser charge of burglary in the fourth degree under Md. Code Art. 27, § 32. The fourth degree burglary statute in effect in 1997 provided:

> (a) Breaking and entering dwelling or storehouse.—
>
>   (1) A person may not break and enter the dwelling of another.
>   (2) A person may not break and enter the storehouse of another.
>
> (b) Intent to commit theft.—A person may not be in or on the dwelling or storehouse of another or any yard, garden, or other area belonging to the dwelling or storehouse of another with the intent to commit theft.
>
> (c) Possession of burglar's tools.—A person may not possess burglar's tools with the intent to use or permit the use of the tools in the commission of any violation of this subheading.

Md. Code. Ann. art. 27, § 32. The charging documents do not indicate under which subsection of the statute Spigler was convicted.

Because the Maryland statute defines three ways Spigler could have committed burglary in the fourth degree under Art. 27, § 32, and under at least one of those definitions there is no serious risk of physical injury, the district court could not use the categorical approach of examining the statutory elements of the crime to determine whether it was a crime of violence set forth in Taylor. See United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001). When the fact of a prior conviction does not categorically

- 4 -

establish the nature of the prior offense, the sentencing court generally may consider only "the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented or other admissions of the defendant" to resolve the issue. United States v. Collins, 412 F.3d 515, 521 (4th Cir. 2005) (citing Shepard, 544 U.S. at 25).

However, here, the district court correctly utilized the statement of probable cause to review the facts underlying the burglary conviction. See United States v. Simms, 441 F.3d 313, 317 (4th Cir.), cert. denied, 127 S. Ct. 233 (2006) (finding the district court's reliance on an application for charge to determine that a defendant's prior conviction qualified as a crime of violence under § 924(e) did not violate Shepard because the "application . . . was later explicitly incorporated into Maryland's statement of charges against [defendant]."); United States v. Coleman, 158 F.3d 199 (4th Cir. 1998) (holding that, under Maryland law, affidavit setting forth facts demonstrating probable cause is part of the charging papers); and United States v. Kirksey, 138 F.3d 120 (4th Cir. 1998) (same). The facts in the statement of probable cause were incorporated into Maryland's Information, stating the charges against Spigler to which he pled guilty, and providing, as to the count Spigler pled guilty to, that he "did unlawfully break and enter the storehouse of [another] in

violation of Art. 27, Sec. 32." Thus, it is clear Spigler was convicted under subsection (a)(2) of Art. 27, § 32, breaking and entering the storehouse of another. Because breaking and entering does provide the requisite "serious potential risk of physical injury to another" under § 924(e)(2)(B)(ii), see James v. United States, 127 S. Ct. 1586, 1594-95 (2007), the district court did not err in finding the prior fourth degree burglary conviction qualified as a violent felony for the purposes of an enhanced sentence under § 924(e).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED