**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5087**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

KEVIN BATTLE,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:11-cr-00110-ELH-1)

_____

Submitted:  June 22, 2012            Decided:  October 4, 2012

_____

Before TRAXLER, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Martin G. Bahl, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Battle pleaded guilty to being a felon in possession of a firearm and ammunition. See 18 U.S.C. § 922(g)(1). The district court concluded that Battle's prior convictions required him to be sentenced under the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e), and the court sentenced Battle to 180 months' imprisonment, the minimum sentence permissible under the Act. Battle appeals, challenging his designation as an armed career criminal.

A defendant who violates § 922(g) qualifies as an armed career criminal if he has three prior convictions for violent felonies or serious drug offenses. See id. § 924(e)(1). The district court held that Battle had two prior convictions that qualified as serious drug offenses under the Act, and Battle does not challenge that conclusion on appeal. Instead, Battle argues that the district court erred by concluding that his 1991 Maryland conviction for assault with intent to murder categorically qualifies as a violent felony. We disagree.

A violent felony is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another," id. § 924(e)(2)(B)(i), or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," id. § 924(e)(2)(B)(ii). As used in

2

§ 924(e)(2)(B)(i), "physical force means <u>violent</u> force -- that is, force capable of causing physical pain or injury to another person." <u>Johnson v. United States</u>, 130 S. Ct. 1265, 1271 (2010). Whether a prior conviction constitutes a violent felony generally is determined categorically, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." <u>Taylor v. United States</u>, 495 U.S. 575, 600 (1990).

At the time of Battle's conviction, assault with intent to commit murder required proof of an assault coupled with a specific intent to kill. See <u>Abernathy v. State</u>, 675 A.2d 115, 120 (Md. Ct. Spec. App. 1996). Common-law assault under Maryland law is an attempted battery or the intentional placing of a victim in reasonable apprehension of an imminent battery, while battery "'is any unlawful application of force, direct or indirect, to the body of the victim.'"[1] <u>United States v. Coleman</u>, 158 F.3d 199, 201 (4th Cir. 1998) (en banc) (quoting <u>Lamb v. State</u>, 613 A.2d 402, 413 (Md. Ct. Spec. App. 1992)). Thus, under Maryland law, an assault conviction may be based on a wide range of conduct, including conduct involving only slight

---

[1] In 1996, the Maryland General Assembly enacted assault statutes that "subsum[ed] and combin[ed] all statutory offenses of assault then existent as well as all common law forms of assault and battery into a single and comprehensive statutory scheme." <u>Robinson v. State</u>, 728 A.2d 698, 703-04 (Md. 1999).

3

force and conduct involving "indirect applications of force such as directing a dog to attack or exposing a helpless person to the inclemency of the weather."  United States v. Kirksey, 138 F.3d 120, 125 (4th Cir. 1998) (internal quotation marks omitted).

Because assault as defined by Maryland law thus "encompasses several distinct crimes, some of which qualify as violent felonies and others of which do not," United States v. Alston, 611 F.3d 219, 223 (4th Cir. 2010), this court has repeatedly held that a Maryland assault conviction is not categorically a violent felony, see, e.g., id. at 222-23; United States v. Harcum, 587 F.3d 219, 224 (4th Cir. 2009); Coleman, 158 F.3d at 204.  The district court in this case, however, concluded that although common-law assault is not categorically a violent felony, assault with intent to murder is a violent felony under Taylor's categorical approach, because "Maryland courts consistently require evidence of the use or threat of deadly force by the defendant comparable to the violent felony defined in Johnson."  J.A. 79.

Battle challenges that ruling on appeal, arguing that assault with intent to murder does not require the use of violent force, as required by Johnson.  Battle contends that assault with intent to murder can be committed without the use of violent force – for example, by "tak[ing] hold of a victim's

4

arm and lead[ing] him outside in below-freezing temperatures with the intent that he freeze to death." Brief of Appellant at 14. Battle thus argues that the use or threatened use of violent force is not an element of assault with intent to murder and that the district court therefore erred by concluding that his Maryland conviction was categorically a crime of violence.

There is no need for us resolve that issue in this case. After concluding that assault with intent to murder was a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), the district court also concluded that the offense was a violent felony under § 924(e)(2)(B)(ii), the ACCA's residual clause:

> Even if assault with intent to murder does not include as an element the use or attempted use of violent force, it plainly involves great potential risk [of] physical injury to a victim, because the perpetrator, by definition, must intend to kill or at least seriously injure the victim and must assault the victim with that intention.

J.A. 83.

Battle does not dispute the court's conclusion that assault with intent to murder "involves conduct that presents a serious potential risk of physical injury to another," as required by § 924(e)(2)(B)(ii). Instead, Battle argues on appeal that because the residual clause itself is unclear and the cases struggling to define its scope are "fatally flawed and hopelessly confused," Brief of Appellant at 28, the residual clause must be struck down as unconstitutionally vague.

The Supreme Court, however, has rejected vagueness challenges to the residual clause. See James v. United States, 550 U.S. 192, 210 n.6 (2007) ("While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by Justice Scalia's suggestion . . . that the residual provision is unconstitutionally vague."); accord Sykes v. United States, 131 S. Ct. 2267, 2277 (2011) (Although the "general and qualitative" approach of the residual clause "may at times be . . . difficult for courts to implement," the residual clause "states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law." (internal quotation marks omitted)). And while Battle contends that the Supreme Court's pronouncements on the issue are non-binding dicta, this court has held otherwise. See United States v. Mobley, ___ F.3d ___, ___, 2012 WL 2866678, at *6 n.7 (4th Cir. July 13, 2012)[2] (rejecting vagueness challenge to residual clause of U.S.S.G. § 4B1.2 because "the Supreme Court has already determined that the residual clause falls 'within congressional

---

[2] "The ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in § 4B1.2. We have therefore held that precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2." United States v. Jarmon, 596 F.3d 228, 231 n.* (4th Cir. 2010) (citations omitted).

6

power to enact' and constitutes 'an intelligible principle [that] provides guidance that allows a person to 'conform his or her conduct to the law.'" (quoting Sykes, 131 S. Ct. at 2277)); United States v. Hudson, 673 F.3d 263, 268-69 (4th Cir. 2012) (rejecting vagueness challenge because it was not raised in the defendant's opening brief and because "the Supreme Court has consistently declined to find the residual clause void for vagueness").

Because the residual clause is not unconstitutionally vague, the district court committed no error by concluding that Battle's conviction for assault with intent to murder amounted to a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), and we affirm Battle's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED