**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

ROBERT STEVEN DONNELL,

       *Defendant-Appellant.*

No. 09-4851

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, Senior District Judge.
(8:08-cr-00581-PJM-1)

Argued: September 20, 2011

Decided: October 27, 2011

Before KING, DAVIS, and KEENAN, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Davis wrote the opinion, in which Judge King and Judge Keenan joined.

---

## COUNSEL

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Jonathan C. Su, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON**

**BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Michael T. CitaraManis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

---

## OPINION

DAVIS, Circuit Judge:

Robert Steven Donnell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 78 months' imprisonment, based in part on its finding that Donnell had committed the offense subsequent to sustaining at least two felony convictions for a "crime of violence." *See U.S. Sentencing Guidelines* ("U.S.S.G.") § 2K2.1(a)(2) (2008). Donnell timely appealed. This court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

On appeal, Donnell argues that the district court erred in relying on his Maryland second degree assault conviction to enhance his offense level. The district court found that Donnell's prior conviction was a crime of violence by relying on facts in an unincorporated "statement of probable cause" that was introduced at sentencing by the Government. The record reveals that the state court charging document, the "statement of charges," contained no details establishing that the second degree assault conviction involved violence. Rather, the facts establishing that the assault was violent were contained only in the unincorporated statement of probable cause prepared by the arresting officer.

For the reasons explained within, we hold that the district court was not permitted under Supreme Court precedent and

our own precedents to consider the unincorporated statement of probable cause. Accordingly, we vacate Donnell's sentence and remand for resentencing.

I.

Donnell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The only disputed issue at sentencing was whether Donnell had one or two prior convictions for a crime of violence under U.S.S.G. § 2K2.1, which the parties agreed governed Donnell's conduct. The Government argued that Donnell committed the instant offense subsequent to sustaining at least two felony convictions for a crime of violence, while Donnell argued that he only had one conviction for a crime of violence. The parties disputed whether a conviction for second degree assault, to which Donnell pled guilty in the District Court of Maryland for Howard County, constituted a predicate conviction for a crime of violence.

The Government supported its contention that the Maryland second degree assault conviction was a crime of violence by introducing the statement of charges and the statement of probable cause. The Government did not produce the plea transcript or a written plea agreement for the second degree assault conviction. The statement of charges alleged that on or about May 25, 2003, Donnell "did assault [his spouse] in the second degree in violation of [Md. Code Ann., Crim. Law] 3-203, contrary to the form of the act of the assembly in such case made and provided and against the peace, government, and dignity of the state." J.A. 78. The statement of probable cause provided a detailed description of the underlying facts, from which the district court concluded that the prior second degree assault conviction was a crime of violence.[1]

---

[1]The statement of probable cause included facts showing that Donnell "dragged [the victim] out of the car and kicked her in the head"; a dispatcher heard the victim being hit while talking on the phone and Donnell threaten to kill her; and Donnell punched and hit the victim. J.A. 79–80.

The separately paginated documents were dated the same day and filed in the same court. On the statement of charges, the judicial officer had checked off "yes" (rather than "no") next to "probable cause," indicating that there was probable cause. J.A. 78.

After hearing argument, the district court found it proper to consult the statement of probable cause to determine whether the second degree assault was a qualifying crime of violence and, consequently, it assigned a Guidelines base offense level of 24, for possession of a firearm after two felony convictions. After a two level increase for obstruction of justice for fleeing from an officer and a three level decrease for acceptance of responsibility, the district court concluded that Donnell's final offense level was 23. With a criminal history category of IV, Donnell's advisory Guidelines range was 70 to 87 months. After carefully considering the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Donnell to 78 months' imprisonment. Pursuant to the plea agreement, Donnell preserved his right to appeal this issue.

## II.

The issue presented on appeal is whether the district court erred in considering information in an unincorporated statement of probable cause to conclude that Donnell's Maryland second degree assault conviction was a crime of violence. This court reviews de novo whether a prior conviction qualifies as a crime of violence for purposes of a sentencing enhancement. *United States v. Williams*, 326 F.3d 535, 537 (4th Cir. 2003).

Sentencing for a felon in possession charge is governed by U.S.S.G. § 2K2.1, which sets a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence," § 2K2.1(a)(2), and a base level of 20 if "the defendant committed any part of the instant offense sub-

sequent to sustaining one felony conviction of . . . a crime of violence," § 2K2.1(a)(4)(A). A crime of violence for purposes of § 2K2.1 is defined to include

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a); *see id.* § 2K2.1 cmt. n.1 (explaining that "crime of violence" is defined in § 4B1.2(a)).[2] A sentencing court must normally use a categorical approach to determine whether an earlier conviction qualifies as a crime of violence, relying only on the fact of conviction and the elements of the offense. *James v. United States*, 550 U.S. 192, 202 (2007); *Shepard v. United States*, 544 U.S. 13, 19–20 (2005); *United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998).[3]

In a limited class of cases where the definition of the prior offense includes violent and nonviolent conduct, a sentencing court may use a modified categorical approach to look beyond the fact of conviction and elements of the offense to determine which category of behavior underlies the prior conviction. *See Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010). To identify which category of behavior underlies a prior conviction stemming from a guilty plea, a court may

---

[2]The parties agree that only the "use of force" prong of § 4B1.2(a) is at issue in this case.

[3]This court has relied upon cases that construe "violent felony" under the Armed Career Criminal Act ("ACCA") when considering "crimes of violence" under the Guidelines because the language in the Guidelines is essentially identical to the language in the ACCA. *United States v. Knight*, 606 F.3d 171, 173 n.1 (4th Cir. 2010).

look to "the statement of factual basis for the charge shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard*, 544 U.S. at 20 (citation omitted). This material allows a later court to determine whether the plea "'necessarily' rested on the fact identifying" the crime as a violent offense. *Id.* at 21. Thus, a sentencing court determining whether the plea "necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26. The purpose of restricting this inquiry to "a specified set of conclusive records" is twofold: (1) to avoid "collateral trials"; and (2) to avoid a "wider inquiry" that potentially violates the Sixth Amendment right to trial by jury. *United States v. Alston*, 611 F.3d 219, 225 (4th Cir. 2010) (internal quotation marks omitted).

We have recognized that, because second degree assault under Maryland law "encompasses several distinct crimes, some of which qualify as violent felonies and others of which do not," sentencing courts are entitled to use the modified categorical approach to determine whether a prior conviction for Maryland second degree assault is a crime of violence. *Alston*, 611 F.3d at 222–23 (citing Md. Code Ann., Crim. Law §§ 3-203, -201(b); *Cruz v. State*, 963 A.2d 1184, 1188 n.3 (Md. 2009); *State v. Duckett*, 510 A.2d 253, 257 (Md. 1986)). Under this approach, it is well established that the district court may look to the charging document in determining whether a conviction is a crime of violence. *Shepard*, 544 U.S. at 20–21, 26; *United States v. Coleman*, 158 F.3d 199, 202–03 (4th Cir. 1998) (en banc).

Here, to prove that the category of conduct underlying Donnell's second degree assault conviction involved the "use

of force" and thus was a crime of violence, the Government introduced two documents: (1) the statement of charges, a barebones document laying out the charge and containing a judicial officer's check mark indicating that there was probable cause; and (2) the separately paginated statement of probable cause, which includes the sworn statement of the arresting officer containing details of the assault. The district court relied on the facts in the statement of probable cause to determine that Donnell's prior conviction was a crime of violence. In so doing, the district court erred. To appropriately consider information in an external document, such as the statement of probable cause at issue here, the document containing the information must be expressly incorporated into the charging document.

*Shepard* and *United States v. Simms*, 441 F.3d 313, 316–17 (4th Cir. 2006), require express incorporation of affidavits of probable cause, controlling the result here. In *Shepard*, the Supreme Court held that complaint applications and police reports may not be considered to determine "whether [a defendant's] earlier guilty plea necessarily admitted, and supported a conviction for," a violent felony. 544 U.S. at 16. The Court so held because, out of "respect for congressional intent and avoidance of collateral trials," evidence used to determine whether a prior guilty plea supported a conviction for a violent felony must "be confined to records of the convicting court approaching the certainty of the record of conviction." *Id.* at 23. The police reports and complaint applications at issue in *Shepard* are similar to the statement of probable cause at issue here: Both are used to make an assessment of probable cause and depart from the certainty of the record of conviction. *Compare* Mass. R. Crim. P. 3 & 4, *with* Md. R. Crim. P. 4-211(b). *See also United States v. Shepard*, 181 F. Supp. 2d 14, 18–20 (D. Mass. 2002), *vacated*, 348 F.3d 308 (1st Cir. 2003), *rev'd*, 544 U.S. 13 (2005).

We are persuaded that reliance on an unincorporated statement of probable cause, as the district court did here, presents

the same problem as reliance on the complaint applications and police reports in *Shepard*. The certainty that the defendant necessarily admitted the facts contained in the external document, as distinguished from the charging document itself, the transcript of the plea colloquy, or the written plea agreement, is absent. *See Shepard*, 544 U.S. at 23; *Shepard*, 181 F. Supp. 2d at 19–20 (refusing to consider the information contained in the police reports and complaint applications because defendant neither admitted the information contained in the police report as part of his plea nor admitted in court that the facts alleged were true). And, this more expansive reliance on external documents, such as a statement of probable cause, where there is no indication that the facts were adopted by the defendant eases away from the rationales underlying the restricted inquiry dictated by *Shepard*. *See Alston*, 611 F.3d at 225.

In the aftermath of *Shepard*, we confirmed the importance of an express incorporation of information contained in documents outside the charging document in *Simms*. In *Simms* we affirmed a district court's use of a Maryland application for a statement of charges to determine that a battery conviction was a violent felony because the application was expressly incorporated into the charging document. 441 F.3d at 316–17. The charging document charged, "Upon the facts contained in the [application for the statement of charges]" the defendant committed battery. *Id.* at 316. This incorporation language, we explained, allows the district court to refer to the facts in the application without violating *Shepard*. *See id.* at 317–18 ("By contrast, the relevant facts of Shepard's Massachusetts application, not having been included in Shepard's charging document, were not a part of the charging document at all."). Where, as here, and unlike *Simms*, there is no express incorporation of the information contained in the statement of probable cause, the district court lacks assurance that the defendant necessarily admitted to the facts on which it would be basing a sentencing enhancement. *Cf. Parrilla v. Gonzales*, 414 F.3d 1038, 1043 (9th Cir. 2005) ("Documents and testi-

mony that would require us to make factual determinations that were not necessarily made in the prior criminal proceeding lie outside the scope of our inquiry under the modified categorical approach."). A judicial officer's mere check mark on the statement of charges acknowledging that there is probable cause is insufficient to allow consideration of the facts contained in the statement of probable cause, especially where, as here, the documents are separately paginated. An assessment of probable cause does not conclusively establish that the defendant admitted those facts in pleading guilty.

Contrary to the Government's contentions, neither of the two pre-*Shepard*, pre-*Simms* cases on which it relies, *Kirksey* and *Coleman*, compels a different result; in each of those cases the external document was expressly incorporated into the charging document.[4] In *United States v. Kirksey*, 138 F.3d

---

[4]Our early cases perhaps suggest that an affidavit for probable cause is incorporated as a matter of Maryland law, even without incorporation by language or any other means. Whether the Maryland Rules alone—without express incorporation—incorporate the affidavit of probable cause into the statement of charges for the purpose of determining whether a prior conviction is a crime of violence is, at best, ambiguous. Maryland Rule of Criminal Procedure Rule 4-102(a) defines "charging document" as "a written accusation alleging that a defendant has committed an offense" and specifically includes a "statement of charges" as a charging document. The rules provide that the charging document must contain the name of the defendant, "a concise and definite statement of the essential facts of the offense with which the defendant is charged and, with reasonable particularity, the time and place the offense occurred." Md. R. Crim. P. 4-202(a). This might suggest that the affidavit containing details of the crime is part of the charging document. But, in the case of second degree assault, it appears that the facts in the affidavit are not necessary to provide constitutionally sufficient notice. *See* Md. Code Ann., Crim. Law § 3-206(a) (Lexis 2011) ("A[ ] . . . charging document . . . [under the second degree assault provision] is sufficient if it substantially states: '(name of defendant) on (date) in (county) assaulted (name of victim) in the . . . degree or (describe other violation) in violation of (section violated) against the peace, government, and dignity of the State.'").

The Maryland Rules also provide that an offense may be tried on a statement of charges filed before arrest with an affidavit of probable cause

120 (4th Cir. 1998), we held that the facts in the Maryland applications for statement of charges/statements of probable cause may be consulted to determine whether prior offenses are crimes of violence because the applications were incorporated by language into the statement of charges. 138 F.3d at 126. The charging documents for the prior convictions stated, "Upon the facts contained in the [application for statement of charges/statement of probable cause]." *Id.* at 123, 126. To be sure, *Kirksey* suggested, but did not hold, that the facts in the application are necessary to give the defendant the notice required under the Maryland rules and, thus, might be incorporated as a matter of Maryland law. *See id.* at 126. Rather, the court flatly held that the applications may be consulted because they are incorporated by express language.[5] *Id.* ("In consulting these incorporated statements, the district court did not make a factual inquiry into the facts of trial. Rather, it followed the methodology of the categorical approach described

or after arrest with an arresting officer's statement of probable cause. Md. R. Crim. P. 4-201(b), -211(b). But, these rules do not answer the paramount inquiry under *Shepard*, namely, whether the defendant necessarily admits to those facts when entering his plea. *Cf. United States v. Hagenow*, 487 F.3d 539, 542 (7th Cir. 2007) (noting that "an affidavit attached to an information as part of Indiana practice is not part of the charging document for the purpose of determining whether the charged crime is a crime of violence"). Express incorporation of external documents, such as the statement of probable cause at issue here, addresses this paramount concern.

[5]The Government's argument that the *Kirksey* panel's reliance on a third unincorporated application means that express incorporation is not required is unpersuasive. A third application for a statement of charges/statement of probable cause was considered by the district court in *Kirksey*, but on appeal, we explained that the statement of charges for the third conviction was superseded by the criminal information filed by the state's attorney in the Circuit Court for Baltimore City, on which the defendant was ultimately tried and convicted. *Id.* at 122–23. We specifically concluded that in "*at least two* of the charging documents" involved in the defendant's prior convictions, the language in the statement of charges incorporated the facts into the "charging document." *Id.* at 126 (emphasis added). As Donnell points out, *Kirksey*'s holding was not dependent upon the third unincorporated application. *See id.*

in *Taylor* and our precedent, which includes the consultation of the charging document, the jury instructions, and, in this case, *the official factual statements incorporated into and filed with the charging documents*.") (emphasis added).

Likewise, in *United States v. Coleman*, 158 F.3d 199 (4th Cir. 1998), this court, sitting *en banc*, affirmed the district court's use of an affidavit of probable cause to determine whether the offense involved the use of force where the affidavit was "*part*" or a "*portion* of the charging papers." 158 F.3d at 202–03 (emphasis added). The affidavit in *Coleman*, like the affidavit in *Kirksey*, was incorporated into the statement of charges; the affidavit of one of the arresting officers began on the statement of charges and, as the statement of charges provided, "continued on [the] attached sheet." Although the court did not specifically mention express incorporation, the underlying document was, in fact, incorporated, and the court relied on *Kirksey*, whose holding rested on the express incorporation of the facts to allow for consultation of the affidavits of probable cause. *Id.* at 202; *see also Simms*, 441 F.3d at 317 (reasoning, in response to defendant's argument that explicit incorporation of the application as part of the charging document was "merely a matter of labeling," that incorporation of the facts into the statement of charges served to "satisfy[ ] Maryland's requirement that each of its charging documents contain 'a concise and definite statement of the essential facts of the offense with which the defendant is charged'" (quoting Md. R. Crim. P. 4-202(a))). Any language in *Coleman* suggesting that incorporation occurs by operation of Maryland law, and thus express incorporation is unnecessary for the district court to consult the facts contained in the affidavit, is at best mere dicta because the underlying affidavit was actually incorporated. *See supra* n. 4.

Here, it is uncontested that the district court relied upon an officer's sworn statements contained in a statement of probable cause that was not expressly incorporated into the statement of charges to determine that Donnell's Maryland second

degree assault conviction constituted a predicate offense under U.S.S.G. § 2K2.1(a)(2). The district court therefore erred in relying on facts contained in the unincorporated affidavit to find that Donnell had two qualifying convictions.

### III.

For the reasons set forth, we vacate the judgment and remand for resentencing proceedings consistent with this opinion.[6]

*VACATED AND REMANDED*

---

[6]Although we express no view as to what sentence the district court might properly impose upon remand, we find wholly unpersuasive, particularly in light of the district court's careful analysis of the § 3553(a) factors, the Government's fall-back argument that we should affirm the judgment on the theory that the district court would have imposed the same sentence without the enhancement that we find was improperly applied.