**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4731**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DARRYL HARCUM,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:06-cr-00434-RDB-1)

─────────────

Submitted:  October 31, 2011        Decided:  December 15, 2011

─────────────

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod  J.
Rosenstein, United States Attorney, Benjamin M. Block, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Harcum was convicted in 2007 of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and sentenced as an armed career criminal to a term of 235 months imprisonment. See 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2011). In Harcum's first appeal, we concluded that the district court had properly applied the modified categorical approach to determine that he was an armed career criminal,[1] but vacated his sentence, and remanded for further proceedings on the ground that the district court erred in relying on the facts set out in the Statement of Charges filed in one Maryland court to determine that Harcum's prior Maryland second degree assault conviction was a violent felony when he pled guilty to a criminal information filed in a different Maryland court which contained no facts. United States v. Harcum, 587 F.3d 219, 224-25 (4th Cir. 2009).

On remand, the district court conducted a de novo resentencing, permitted the government to introduce the transcript of Harcum's guilty plea to second degree assault, and determined that the assault conviction qualified as a violent

---

[1] See Shepard v. United States, 544 U.S. 13 (2005); United States v. Simms, 441 F.3d 313 (4th Cir. 2006).

2

felony.    The  court  sentenced  Harcum  to  the  mandatory  minimum
180-month sentence.

Harcum  now  appeals  his  new  sentence,  contending  that
(1) the  court  erred  in  conducting  a  de  novo  resentencing;  (2)
the  plea  transcript  did  not  prove  the  assault  was  a  violent
felony; and (3) recent decisions from the Supreme Court and this
court  required  the  court  to  use  a  categorical  approach  rather
than  a  modified  categorical  approach  to  construe  the  second
degree assault conviction.  We affirm.

Initially,  we  find  no  error  in  the  district  court's
decision to conduct a de novo resentencing hearing and to permit
the  government  to  introduce  a  transcript  of  the  guilty  plea
colloquy  for  Harcum's  second  degree  assault  conviction.    Our
direction  to  the  district  court  on  remand  left  the  scope  of  the
resentencing  to  the  discretion  of  the  court.    See  United
States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993) ("[T]o the extent
that  the  mandate  of  the  appellate  court  instructs  or  permits
reconsideration  of  sentencing  issues  on  remand,  the  district
court  may  consider  the  issue  de  novo,  entertaining  any  relevant
evidence  on  that  issue  that  it  could  have  heard  at  the  first
hearing.") (internal quotation marks omitted).

Next,  Harcum  asserts  for  the  first  time  that  the
guilty  plea  transcript  did  not  prove  that  the  assault  was  a
violent  felony  because  he  did  not  adopt  or  admit  the  facts

3

proffered by the state prosecutor. Generally, the issue of whether a prior conviction qualifies as a crime of violence is reviewed de novo.[2] United States v. Donnell, ___ F.3d ___, 2011 WL 5101566, at *2 (4th Cir. Oct. 27, 2011). Reviewing this argument for plain error because it was not preserved for appeal, United States v. Olano, 507 U.S. 725 (1993), we conclude that the district court did not err, plainly or otherwise, in relying on the facts proffered by the government as the factual basis for the guilty plea to find that Harcum's second degree assault conviction was a violent felony.

Harcum seeks to analogize his situation to that of the defendant in United States v. Alston, 611 F.3d 219 (4th Cir. 2010), who entered an Alford[3] plea, not admitting guilt or confirming the facts underlying the plea, but pleading "for reasons of self-interest." United States v. Taylor, ___ F.3d ___, 2011 WL 5034576, at *7 (4th Cir. Oct. 24, 2011) (rejecting similar claim). Harcum pled guilty pursuant to a plea agreement. When asked by the judge whether he was pleading guilty because he was, in fact, guilty, Harcum responded, "Yes."

_____

    [2] Cases construing "crime of violence" under the Guidelines and "violent felony" under § 924(e) are both applicable because the language is nearly identical. United States v. Knight, 606 F.3d 171, 173 n.1 (4th Cir. 2010).

    [3] North Carolina v. Alford, 400 U.S. 25, 25-26 (1970).

4

When asked how he pleaded to second degree assault, Harcum responded, "Guilty." The factual basis for his guilty plea was that he punched the victim, who fell backward through a plate glass window and suffered injuries, including a severed tendon and artery. After hearing the facts presented, Harcum agreed that the state's witnesses would so testify. When asked, before sentence was imposed, if he wished to say anything to the judge, Harcum declined to speak. Harcum's plea was not analogous to an Alford plea because he specifically admitted his guilt and raised no objection to the factual basis. See Taylor, 2011 WL 5034576, at *8 (refusing "to dress a perfectly ordinary guilty plea in Alford garb in order to avoid [a § 924(e)] enhancement.").

Last, Harcum contends that the district court erred in using a modified categorical approach. He asserts that the legal landscape has changed since his first appeal was decided. Generally, to decide whether a prior conviction constitutes a violent felony, the district court should use a categorical approach. James v. United States, 550 U.S. 192, 202 (2007); Shepard v. United States, 544 U.S. 13, 19-20 (2005); United States v. Kirksey, 138 F.3d 120, 124-25 (4th Cir. 1998). Under this approach, the court may "rel[y] only on (1) the fact of conviction and (2) the definition of the prior offense." Kirksey, 138 F.3d at 124. In a limited class of cases, however,

5

where the definition of the underlying crime encompasses both violent and non-violent conduct, "a sentencing court may use a modified categorical approach to look beyond the fact of the conviction and the elements of the offense to determine which category of behavior underlies the prior conviction." Donnell, 2011 WL 5101566, at *2 (citing Johnson v. United States, 130 S. Ct. 1265, 1273 (2010)). When the conviction results from a guilty plea, "a court may look to the statement of factual basis for the charge shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." Donnell, 2011 WL 5101566, at *2 (quoting Shepard, 544 U.S. at 20 (citation omitted)); see also Harcum, 587 F.3d at 223.

Harcum argues that, after his appeal was decided, the Supreme Court's decision in Johnson and this court's decision in United States v. Rivers, 595 F.3d 558 (4th Cir. 2010), narrowed the circumstances in which the modified categorical approach may be used, and that these decisions as well as decisions from other circuits now require use of a categorical approach to analyze a prior Maryland second degree assault conviction.

However, we have very recently held that, in Maryland, second degree assault "encompasses several distinct crimes, some of which qualify as violent felonies and others of which do

6

not," and thus a sentencing court is "entitled to use the modified categorical approach to determine whether a prior conviction for Maryland second degree assault is a crime of violence" or a violent felony. <u>Donnell</u>, 2011 WL 5101566, at \*3 (quoting <u>Alston</u>, 611 F.3d at 222-23); <u>see</u> Md. Code Ann., Crim. Law §§ 3-203, -201(b) (LexisNexis 2010). Accordingly, contrary to Harcum's assertion on appeal, the district court was correct in using a modified categorical approach. Thus, the district court's consideration of the transcript of Harcum's guilty plea to second degree assault was permissible. Moreover, the district court correctly concluded that Harcum's second degree assault conviction was a violent felony.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
