**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4629**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

DEON ERIQUE SHERROD,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:10-
cr-00140-RWT-1)

Submitted: January 26, 2012      Decided: February 14, 2012

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.     Rod  J.
Rosenstein, United States Attorney, Adam K. Ake, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Deon Erique Sherrod pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). The district court sentenced Sherrod to seventy-seven months' imprisonment, the bottom of the advisory Guidelines range. Sherrod timely appealed.

The district court calculated Sherrod's base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2010). This provision establishes a base offense level of twenty-four if the defendant committed his instant firearm offense after being convicted of at least two felony crimes of violence or controlled substance offenses. The district court found that Sherrod had two prior Maryland convictions that qualified as crimes of violence under § 2K2.1(a)(2): a 2000 robbery conviction and a 2008 second degree assault conviction. Sherrod does not challenge the district court's finding that his robbery conviction qualified as a crime of violence. However, he disputes the court's finding that his Maryland second degree assault conviction was a crime of violence.

Sherrod first argues that the district court erroneously employed the modified categorical approach in determining that his Maryland second degree assault conviction qualified as a crime of violence. His argument is foreclosed by

2

this Court's recent decisions in United States v. Donnell, 661 F.3d 890, 893 (4th Cir. 2011), and United States v. Taylor, 659 F.3d 339, 346 (4th Cir. 2011).

Next, Sherrod argues that, even if the court properly applied the modified categorical approach to determine that his Maryland second degree assault conviction qualified as a crime of violence, under our decision in United States v. Alston, 611 F.3d 219, 226 (4th Cir. 2010), the district court improperly relied on the guilty plea colloquy in the state proceeding to conclude that his assault conviction was a crime of violence. Unlike the defendant in Alston, however, Sherrod did not enter an Alford[*] plea in the state proceeding. Moreover, in this case, the transcript of the state court guilty plea shows that the judge directly addressed Sherrod as to the factual basis for his plea, and Sherrod orally confirmed the factual basis, i.e., the expected witness testimony had the case gone to trial, for his plea. Therefore, we conclude that Sherrod's argument is unavailing.

Accordingly, we affirm Sherrod's sentence. We dispense with oral argument because the facts and legal contentions are

---

[*] North Carolina v. Alford, 400 U.S. 25 (1970).

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED