**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4808**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DOUGLAS RENE AYALA,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.  (8:10-cr-00250-AW-1)

Submitted:  March 29, 2012            Decided:  April 2, 2012

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ron Earnest, LAW OFFICE OF RON EARNEST, Riverdale, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, William D.  Moomau,  Assistant  United  States  Attorney,  Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Rene Ayala pled guilty to illegal reentry by a previously deported aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Ayala appeals his conviction and the fifty-one month sentence imposed by the district court on three grounds: (1) that the district court plainly erred in failing sua sponte to order withdrawal of Ayala's guilty plea; (2) that the district court plainly erred in enhancing Ayala's offense level based on a finding that his prior Maryland conviction for second degree assault was a "crime of violence" under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2010); and (3) that the sentence is substantively unreasonable because the district court did not adequately consider the circumstances of the offense. We affirm.

Because the first two claims were not preserved in the district court, we review them for plain error. "To establish plain error, [an appellant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Neither claim meets this high standard.

As to the first claim, the district court properly informed Ayala at the guilty plea proceeding that he faced up to twenty years imprisonment for his offense. The court then reviewed the offense level and criminal history category Ayala

would likely earn, but emphasized that there were "no predictions as to what the sentence will be." Ayala assured the court that no one had forecast that he would receive a specific sentence. At sentencing, Ayala's criminal history category was one level higher than that discussed at the plea colloquy. Although Ayala did not move the district court to withdraw his guilty plea, he argues on appeal that the district court should sua sponte have ordered such a withdrawal in light of this disparity.

We reject this argument. The district court informed Ayala during the Fed. R. Crim. P. 11 hearing of the twenty-year maximum penalty, that he could be sentenced up to that amount, and that no one could predict the length of his sentence. The district court also ensured that no one had made any guarantees to Ayala as to the length of his sentence. Ayala concedes that the Guidelines range applied to him was correctly calculated. Accordingly, this claim entitles him to no relief.

Ayala next challenges the district court's characterization of his prior Maryland conviction for second degree assault as a crime of violence. Again, we review his claim for plain error. See United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012) (applying plain error review where appellant failed to object to enhancement at sentencing).

3

Under USSG § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is enhanced sixteen levels if he reentered the United States after having been convicted of a felony "crime of violence." A "crime of violence" under this provision includes an offense under state law "that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2, cmt. n.1(B)(iii).

Upon reviewing the record, we find no error. We have held that, because the offense in question, second degree assault under Maryland law, cannot categorically be found to be a crime of violence, a district court may use the modified categorical approach and look beyond the statutory elements of the crime to the charging document, the plea colloquy transcripts, or the plea agreement to determine whether that offense involved the use of physical force against the person of another. United States v. Donnell, 661 F.3d 890, 893 (4th Cir. 2011); Shepard v. United States, 544 U.S. 13, 26 (2005). Here, the district court properly consulted the state transcripts of the guilty plea colloquy and determined that Ayala admitted using physical force against the victim. Therefore, Ayala's prior Maryland conviction for second degree assault constituted a crime of violence, and the district court properly applied the USSG § 2L1.2(b)(1)(A)(ii) enhancement.

4

Finally, Ayala challenges the substantive reasonableness of his sentence, arguing that the district court failed to accord sufficient weight to the circumstances of the offense and his history and characteristics. We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing the substantive reasonableness of the sentence, we take into account the totality of the circumstances. Id. A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

After reviewing the record, we conclude that Ayala's sentence is substantively reasonable. The fifty-one month sentence is at the low end of the properly calculated Guidelines range, and Ayala has offered nothing to rebut the presumption of reasonableness accorded that sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5