**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4021**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LEROY SCRIVNER,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:09-cr-00077-RDB-1)

Submitted:  June 29, 2012            Decided:  August 6, 2012

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Mushtaq Z. Gunja, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Scrivner plead guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Scrivner challenges the finding that he was a career offender under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) because he does not have the required two qualifying convictions. We affirm.

Scrivner was found to be a career offender under the Guidelines because he had a prior conviction for a controlled substance offense and a December 3, 1999 conviction for a crime of violence. Scrivner concedes that the controlled substance offense was a qualifying conviction. He challenges the district court's decision to refer to the statement of probable cause to find that his December 3, 1999 Maryland conviction for second degree assault was a crime of violence.

This appeal was placed in abeyance for United States v. Donnell, 661 F.3d 890 (4th Cir. 2011), which held that the district court erred by relying on the unincorporated statement of probable cause to find that the second degree assault conviction could be considered a crime of violence. Id., at 896-97. Accordingly, we conclude, and the Government concedes, that the district court erred by referring to the unincorporated statement of probable cause and finding that Scrivner's assault conviction was a crime of violence.

Nevertheless, we conclude the error is harmless. Under the harmless error standard, we will reverse unless the Government bears its burden of showing that the error affects Scrivner's substantial rights. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006). The Government notes that Scrivner also stood convicted of resisting arrest, which was as a result of the same incident that led to the second degree assault conviction. In United States v. Jenkins, 631 F.3d 680, 685 (4th Cir. 2011), decided while this appeal was in abeyance for Donnell, the court held that Maryland's common law offense of resisting arrest is categorically a crime of violence under the residual clause of USSG § 4B1.2(a)(2).

Because Scrivner's conviction for resisting arrest is categorically a crime of violence, the district court's procedural error at sentencing was harmless. We note that Scrivner's argument that the Government waived arguing that the resisting arrest conviction is a crime of violence is without merit. We may affirm on any grounds apparent on the record. United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005). Also, the Government did not take an inconsistent position at sentencing regarding the resisting arrest conviction. In addition, there is no need for any additional factfinding. Furthermore, we reject Scrivner's argument that the residual clause of USSG § 4B1.2(a)(2) is void for

3

vagueness.  See United States v. Hudson, 673 F.3d 263, 268-69 (4th Cir. 2012), petition for cert. filed, No. 11-10743 (June 5, 2012) (citing Sykes v. United States, 131 S. Ct. 2277 (2011)); see also United States v. Hart, 674 F.3d 33, 41 n.3 (1st Cir. 2012) (citing James v. United States, 550 U.S. 192, 210 n.6 (2007)); United States v. Gore, 636 F.3d 728, 742 (5th Cir. 2011) (same).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED