**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 11-5141

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ALEXANDER BARILLAS, a/k/a Jose Fermin Vasquez,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Alexander Williams, Jr., District Judge.  (8:10-cr-00753-AW-1)

_____

Submitted:  July 31, 2012        Decided:  August 14, 2012

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant.   Rod J. Rosenstein, United States Attorney, Paul K. Nitze, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Michael Alexander Barillas pled guilty to unauthorized reentry of a deported alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b) (2006). The district court sentenced Barillas to seventy-two months' imprisonment, near the low end of the advisory Guidelines range. Barillas timely appealed.

The district court increased Barillas' offense level under U.S. Sentencing Guidelines Manual § 2L1.2(B)(1)(A) (2010). This provision calls for a sixteen-level enhancement if the defendant was deported after he was convicted of a crime of violence. The district court found that Barillas' prior Maryland second degree assault conviction qualified as a crime of violence. On appeal, Barillas disputes this finding.[1]

Barillas first argues that the district court erroneously employed the modified categorical approach in determining that his Maryland second degree assault conviction qualified as a crime of violence. His argument is foreclosed by

---

[1] The district court alternatively found that Barillas qualified for the sixteen-level enhancement under § 2L1.2(b)(1)(A) based on his 1994 California drug conviction. Barillas does not challenge the district court's alternate finding on appeal. Because we agree with the district court's finding that Barillas' Maryland second degree assault conviction qualifies as a crime of violence, we need not consider whether Barillas has forfeited appellate review of the district court's alternate finding.

this Court's recent decisions in United States v. Donnell, 661 F.3d 890, 893 (4th Cir. 2011), and United States v. Taylor, 659 F.3d 339, 346 (4th Cir. 2011), cert. denied, 132 S. Ct. 1817 (2012).

Next, Barillas argues that, even if the court properly applied the modified categorical approach to determine that his Maryland second degree assault conviction qualified as a crime of violence, under our decision in United States v. Alston, 611 F.3d 219, 226 (4th Cir. 2010), the district court improperly relied on the guilty plea colloquy in the state proceeding to conclude that his assault conviction was a crime of violence. Unlike the defendant in Alston, however, Barillas did not enter an Alford[2] plea in the state proceeding. We recently recognized this distinction and confirmed that a court may depend on a traditional guilty plea to determine whether a prior conviction qualifies as a predicate offense. Taylor, 659 F.3d at 347. We find no error in the district court's finding that, based on the plea hearing transcript from the Maryland second degree assault proceeding, Barillas' state conviction qualified as a crime of violence. Therefore, we conclude that Barillas' argument is unavailing.

---

[2] North Carolina v. Alford, 400 U.S. 25 (1970).

3

Finally, Barillas contends that the district court erred by concluding that he did not qualify for a downward departure based on cultural assimilation. The district court has the discretion to depart downward if:

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such departure is not likely to increase the risk to the public from further crimes of the defendant.

USSG § 2L1.2 cmt. n.8. However, "'[w]e lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so'." United States v. Hackley, 662 F.3d 671, 686 (4th Cir. 2011) (quoting United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008)) (alteration in original), cert. denied, 132 S. Ct. 1936 (2012). Barillas does not argue, and the record does not show, that the district court failed to recognize its authority to depart downward. Therefore, we decline to review the district court's denial of Barillas' motion for a downward departure.

For these reasons, we affirm Barillas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4