**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4138**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

FELIPE QUITERIO-ZAVALETA,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00384-TDS-1)

Submitted:  November 26, 2014   Decided:  December 9, 2014

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felipe Quiterio-Zavaleta, a native and citizen of Mexico, pled guilty pursuant to a plea agreement to one count of illegal reentry of an aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(b)(1)(A) (2011), the presentence report (PSR) applied a sixteen-level enhancement due to Quiterio-Zavaleta's 1998 conviction in North Carolina of felony assault with a firearm on a law enforcement officer.

The district court adopted the PSR and the resulting advisory sentencing range of seventy-seven to ninety-six months. The court determined that a sentence of seventy-seven months was appropriate and then granted the government's motion for a 45% downward departure pursuant to USSG § 5K1.1, which yielded a sentence of forty-two months. The court then granted the parties' motion to run the federal sentence concurrently with Quiterio-Zavaleta's recent state sentence, and reduced his sentence in the instant case to fifteen months in order to achieve this result. Quiterio-Zavaleta appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but argues that the district court erred in determining that the felony assault with a firearm on a law enforcement officer constituted a "crime of violence" pursuant to USSG

2

§ 2L1.2(b)(1)(A). Quiterio-Zavaleta has filed a pro se supplemental brief arguing that his federal sentence should run concurrently with his state sentence and that his fifteen-month sentence is in the maximum range. The government has filed a response brief. Finding no error, we affirm.

We review de novo the district court's characterization of Quiterio-Zavaleta's prior conviction as a crime of violence for the purpose of enhancing his sentence. See United States v. Gomez, 690 F.3d 194, 197 (4th Cir. 2012). Counsel argues that the district court erred in enhancing Quiterio-Zavaleta's sentence because the assault element of his prior offense is defined by common law and can encompass a "show" or "appearance" of force and violence that does not require physical contact. See State v. Roberts, 155 S.E.2d 303, 305 (N.C. 1967) (noting that assault in North Carolina is defined as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm") (internal quotation marks and citations omitted). Accordingly, he contends, it does not qualify categorically as a crime of violence. See United States v. Donnell, 661 F.3d 890, 893 (4th Cir. 2011) (utilizing categorical approach to determine whether

3

a conviction qualifies as a crime of violence under the Guidelines). We disagree.

We conclude that Quiterio-Zavaleta's prior conviction in North Carolina for felony assault with a firearm on a law enforcement officer categorically qualifies as a crime of violence and was thus properly used to enhance his sentence. Accordingly, counsel's challenge to the sentencing enhancement is unavailing. Finally, our review discloses that the issues raised in Quiterio-Zavaleta's pro se supplemental brief are without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Quiterio-Zavaleta, in writing, of the right to petition the Supreme Court of the United States for further review. If Quiterio-Zavaleta requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Quiterio-Zavaleta. Finally, we dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED